Jack R. Nelson (SBN 111863)
Email: jnelson@reedsmith.com
Heather B. Hoesterey (SBN 201254)
Email: hhoesterey@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone: +1 415 543 8700
Facsimile: +1 415 391 8269

Attorneys for Defendants
Wachovia Corporation and
World Savings Bank, FSB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| LETICIA ZAMORA and DANIEL PEREZ and ELIZABETH PEREZ,<br><br>Plaintiffs,<br><br>vs.<br><br>WACHOVIA CORPORATION and WORLD SAVINGS BANK,<br><br>Defendants. | No.: C 07 4603 TEH<br><br>CLASS ACTION<br><br>**ANSWER OF DEFENDANT WORLD SAVINGS BANK, FSB TO PLAINTIFFS' FIRST AMENDED COMPLAINT; DEMAND FOR JURY TRIAL**<br><br>Compl. Filed: September 5, 2007<br>Trial Date: None<br><br>The Honorable Thelton E. Henderson |

## ANSWER

Defendant World Savings Bank, FSB, sued herein as "World Savings Bank" ("World Savings") hereby answers the allegations of the First Amended Class Action Complaint ("Complaint") filed in this action by Plaintiffs Leticia Zamora, Daniel Perez and Elizabeth Perez ("Plaintiffs") on behalf of itself and itself alone. Unless expressly admitted herein, World Savings lacks sufficient information to admit or deny the allegations of the Complaint and, on that basis, denies the allegations.

1. Answering Paragraph 1 of the Complaint, World Savings admits that Plaintiffs purport to assert claims against World Savings under the Equal Credit Opportunity Act, 15 U.S.C. § 1691, *et seq.* ("ECOA"), the Fair Housing Act, 42 U.S.C. § 3601, *et seq.* ("FHA"), and the Civil Rights Act, 42 U.S.C. §§ 1981 and 1982 ("CRA") and alleges that World Savings is presently a wholly-owned subsidiary of Golden West Financial Corporation ("Golden West"), which is a wholly-owned subsidiary of Wachovia Corporation. Except as expressly admitted and alleged herein, World Savings lacks sufficient information to admit or deny the allegations contained in Paragraph 1, and, on that basis, denies the allegations.

2. Answering Paragraph 2 of the Complaint, World Savings denies the allegations contained therein.

3. Answering Paragraph 3 of the Complaint, World Savings denies the allegations contained therein.

4. Answering Paragraph 4 of the Complaint, World Savings admits that the Complaint states Plaintiffs' definition of the terms "minority" or "minorities." Except as expressly admitted herein, World Savings denies the allegations in Paragraph 4.

5. Answering Paragraph 5 of the Complaint, World Savings lacks information sufficient to admit or deny the allegations contained therein, and, on that basis, denies the allegations, and specifically denies that any putative class members have been subject to racial discrimination.

6. Answering Paragraph 6, World Savings admits that Plaintiffs seek declaratory and injunctive relief and disgorgement and restitution of monies, but denies specifically that it engaged in any racially discriminatory or other conduct entitling Plaintiffs to such relief.

## JURISDICTION AND VENUE

7. Answering Paragraph 7 of the Complaint, World Savings admits that this Court has original jurisdiction over civil actions arising under federal law.

8. Answering Paragraph 8 of the Complaint, World Savings admits that venue is proper in this Court. Except as expressly admitted herein, World Savings denies the allegations of Paragraph 8.

Defendant World Savings Bank's Answer to Plaintiffs' First Amended Complaint

PARTIES

9. Answering Paragraph 9 of the Complaint, World Savings lacks sufficient information to admit or deny the allegations contained therein, and, on that basis, denies the allegations.

10. Answering Paragraph 10 of the Complaint, World Savings lacks sufficient information to admit or deny the allegations contained therein, and, on that basis, denies the allegations.

11. Answering Paragraph 11 of the Complaint, World Savings admits that Wachovia Corporation is a financial holding company organized under the Bank Holding Company Act of 1956, headquartered in Charlotte, North Carolina. World Savings further admits that Wachovia Corporation conducts business in various parts of the United States, including this judicial district and elsewhere in California, and that World Savings maintains branches in various parts of the United States, including this judicial district and elsewhere in California. Except as expressly admitted herein, World Savings denies the allegations contained in Paragraph 11.

12. Answering Paragraph 12 of the Complaint, World Savings alleges that Wachovia Corporation acquired Golden West, that World Savings was and is a subsidiary of Golden West with offices throughout the United States, including California, that Wachovia, Wachovia Bank, N.A. and World Savings have engaged in communications with World Savings customers and the public regarding integration of Wachovia Bank's and World Savings' services in various ways, and that such integration is not generally expected to affect the terms and conditions of any outstanding World Savings loans. Except as expressly alleged herein, World Savings denies the allegations contained in Paragraph 12.

ANSWER TO FACTUAL ALLEGATIONS OF HISTORICAL DISCRIMINATION

13. Answering Paragraph 13 of the Complaint, World Savings lacks sufficient information to admit or deny the allegations contained therein, and, on that basis, denies the allegations and denies specifically that it engaged in any racially discriminatory conduct.

14. Answering Paragraph 14 of the Complaint, World Savings admits only that plaintiffs' Complaint cites the Joint Center for Housing Studies at Harvard University's study. As to the

remaining allegations in Paragraph 14, World Savings lacks sufficient information to admit or deny the allegations contained therein, and, on that basis, denies the allegations.

15. Answering Paragraph 15 of the Complaint, World Savings admits only that the HDMA and actions and published statements by Congress and the Federal Reserve Boars speak for themselves. As to the remaining allegations in Paragraph 15, World Savings lacks sufficient information to admit or deny the allegations contained therein, and, on that basis, denies the allegations.

16. Answering Paragraph 16 of the Complaint, World Savings admits only that the HDMA data and Vice-Chairman Gruenberg's statements speak for themselves. As to the remaining allegations in Paragraph 16, World Savings lacks sufficient information to admit or deny the allegations contained therein, and, on that basis, denies the allegations.

17. Answering Paragraph 17 of the Complaint, World Savings admits only that the HDMA data and the Federal Reserve Bulletin speak for themselves. As to the remaining allegations in Paragraph 17, World Savings lacks sufficient information to admit or deny the allegations contained therein, and, on that basis, denies the allegations.

18. Answering Paragraph 18 of the Complaint, World Savings admits only that plaintiffs' Complaint cites the ACORN report. As to the remaining allegations in Paragraph 18, World Savings lacks sufficient information to admit or deny the allegations contained therein, and, on that basis, denies the allegations.

19. Answering Paragraph 19 of the Complaint, World Savings denies the allegations contained therein.

ANSWER TO ALLEGATIONS OF DISCRIMINATORY LENDING POLICIES

20. Answering Paragraph 20 of the Complaint, World Savings admits that it originates and funds mortgage loans, that it uses loan officers and that some referrals of borrowers come from outside brokers not affiliated with World Savings. Except as expressly admitted herein, World Savings denies the allegations contained therein.

21. Answering Paragraph 21 of the Complaint, World Savings admits that it has credit-pricing policies and procedures. As to the remaining allegations in Paragraph 21, World Savings

1 lacks sufficient information to admit or deny the allegations contained therein, and, on that basis, denies the allegations.

22. Answering Paragraph 22 of the Complaint, World Savings denies each and every allegation contained therein.

23. Answering Paragraph 23 of the Complaint, World Savings denies each and every allegation contained therein.

24. Answering Paragraph 24 of the Complaint, World Savings denies each and every allegation contained therein.

25. Answering Paragraph 25 of the Complaint, World Savings denies each and every allegation contained therein.

26. Answering Paragraph 26 of the Complaint, World Savings denies that it engaged in a pattern of discrimination. As to the remaining allegations in Paragraph 26, World Savings lacks sufficient information to admit or deny the allegations therein, and, on that basis, denies the allegations.

ANSWER TO ALLEGATIONS OF DISCRIMINATORY DISCRETIONARY CREDIT PRICING

27. World Savings denies the first and second sentences of Paragraph 27 and further denies the first clause of the third sentence of Paragraph 27. As to the remaining allegations in Paragraph 27, World Savings lacks sufficient information to admit or deny the allegations contained therein, and, on that basis, denies the allegations.

28. Answering Paragraph 28 of the Complaint, World Savings denies each and every allegation contained therein.

29. Answering Paragraph 29 of the Complaint, World Savings admits it has credit-pricing policies and procedures. As to the remaining allegations in Paragraph 29, World Savings lacks sufficient information to admit or deny the allegations contained therein, and, on that basis, denies the allegations.

30. Answering Paragraph 30 of the Complaint, World Savings admits that it evaluates factors in determining whether and on what terms to extend loans. As to the remaining allegations in

Paragraph 30, World Savings lacks sufficient information to admit or deny the allegations contained therein, and, on that basis, denies the allegations.

31. Answering Paragraph 31 of the Complaint, World Savings lacks sufficient information to admit or deny the allegations contained therein, and, on that basis, denies the allegations.

32. Answering Paragraph 32 of the Complaint, World Savings lacks sufficient information to admit or deny the allegations contained therein, and, on that basis, denies the allegations.

33. Answering Paragraph 33 of the Complaint, World Savings lacks sufficient information to admit or deny the allegations contained therein, and, on that basis, denies the allegations.

34. Answering Paragraph 34 of the Complaint, World Savings lacks sufficient information to admit or deny the allegations contained therein, and, on that basis, denies the allegations.

35. Answering Paragraph 35 of the Complaint, World Savings denies the allegations contained therein.

36. Answering Paragraph 36 of the Complaint, World Savings denies the allegations contained therein.

37. Answering Paragraph 37 of the Complaint, World Savings denies the allegations contained therein.

### ANSWER TO ALLEGATIONS OF DISCRIMINATORY FEES

38. Answering Paragraph 38 of the Complaint, World Savings denies the allegations contained therein and denies that Plaintiffs were damaged in any amount, or at all.

#### Answer to Factual Allegations Relating to Zamora

39. Answering Paragraph 39 of the Complaint, World Savings admits that Plaintiff Zamora obtained a loan from World Savings on or about July 22, 2005, which was secured by the real property located at 1165 Orchid Street, Livermore, California and that the loan documents speak for themselves as to the terms of the loan. As to the remaining allegations in Paragraph 39, World

1 Savings lacks sufficient information to admit or deny the allegations contained therein, and, on that
2 basis, denies the allegations.

3     40. Answering Paragraph 40 of the Complaint, World Savings lacks sufficient
4 information to admit or deny the allegations contained therein, and, on that basis, denies the
5 allegations.

6     41. Answering Paragraph 41 of the Complaint, World Savings lacks sufficient
7 information to admit or deny the allegations contained therein, and, on that basis, denies the
8 allegations.

### Answer to Factual Allegations Relating to Perez

10     42. Answering Paragraph 42 of the Complaint, World Savings admits that Plaintiffs Perez
11 obtained a loan from World Savings on or about March 30, 2007 which was secured by the real
12 property located at 11926 S. 38th Avenue, Lawson, Arizona, and that the loan documents speak for
13 themselves as to the terms of the loan. As to the remaining allegations in Paragraph 42, World
14 Savings lacks sufficient information to admit or deny the allegations contained therein, and, on that
15 basis, denies the allegations.

16     43. Answering Paragraph 43 of the Complaint, World Savings lacks sufficient
17 information to admit or deny the allegations contained therein, and, on that basis, denies the
18 allegations.

19     44. Answering Paragraph 44 of the Complaint, World Savings lacks sufficient
20 information to admit or deny the allegations contained therein, and, on that basis, denies the
21 allegations.

22     45. Answering Paragraph 45 of the Complaint, World Savings lacks sufficient
23 information to admit or deny the allegations contained therein, and, on that basis, denies the
24 allegations.

25     46. Answering Paragraph 46 of the Complaint, World Savings denies the allegations
26 contained therein, and denies specifically that it engaged in any discriminatory conduct.

Defendant World Savings Bank's Answer to Plaintiffs' First Amended Complaint

ANSWER TO CLASS ACTION ALLEGATIONS

47. Answering Paragraph 47 of the Complaint, World Savings repeats and realleges each of the answers in Paragraphs 1 through 46, above, as though the same were set forth in full herein.

48. Answering Paragraph 48 of the Complaint, World Savings admits that Plaintiffs purport to assert claims against World Savings under ECOA, the FHA, and CRA on behalf of a purported class of minority borrowers who entered into residential mortgage loan contracts that were financed or purchased by World Savings. Except as expressly admitted herein, World Savings denies the allegations of Paragraph 48, and denies specifically that it engaged in any discriminatory conduct.

49. Answering Paragraph 49 of the Complaint, World Savings admits that Plaintiffs purport to assert claims on their own behalf and on behalf of a class of persons.

50. Answering Paragraph 50 of the Complaint, World Savings denies the allegations contained therein.

51. Answering Paragraph 51 of the Complaint, World Savings denies the allegations contained therein.

52. Answering Paragraph 52 of the Complaint, World Savings denies the allegations contained therein.

53. Answering Paragraph 53 of the Complaint, World Savings denies the allegations contained therein.

54. Answering Paragraph 54 of the Complaint, World Savings denies the allegations contained therein.

55. Answering Paragraph 55 of the Complaint, World Savings denies the allegations contained therein.

ANSWER TO ALLEGATIONS OF ACCRUAL, FRAUDULENT CONCEALMENT, ETC.

56. Answering Paragraph 56 of the Complaint, World Savings denies each and every allegation contained herein, and denies that putative class members received loans as alleged.

57. Answering Paragraph 57 of the Complaint, World Savings denies each and every allegation contained herein, and denies specifically that it engaged in any discriminatory conduct.

Defendant World Savings Bank's Answer to Plaintiffs' First Amended Complaint

58. Answering Paragraph 58 of the Complaint, World Savings denies each and every allegation contained therein, and denies specifically that it engaged in any discriminatory conduct.

59. Answering Paragraph 59 of the Complaint, World Savings denies each and every allegation contained therein, and denies specifically that it engaged in any discriminatory conduct.

60. Answering Paragraph 60 of the Complaint, World Savings denies each and every allegation contained therein, and denies specifically that it engaged in any discriminatory conduct.

61. Answering Paragraph 61 of the Complaint, World Savings denies the allegations contained therein, and denies specifically that it engaged in any discriminatory conduct.

62. Answering Paragraph 62 of the Complaint, World Savings denies the allegations contained therein.

63. Answering Paragraph 63 of the Complaint, World Savings denies each and every allegation contained therein, and denies specifically that it engaged in any fraudulent concealment.

ANSWER TO COUNT I

64. Answering Paragraph 64 of the Complaint, World Savings repeats and realleges each of the answers in Paragraphs 1 through 63 above, as though the same were set forth in full herein.

65. Answering Paragraph 65 of the Complaint, World Savings admits that World Savings engages in credit transactions through its offering, granting, and purchasing of residential mortgage loans. Except as expressly admitted herein, World Savings denies the allegations contained in Paragraph 65.

66. Answering Paragraph 66 of the Complaint, World Savings denies the allegations contained therein, and denies specifically that it imposes higher rates and fees on minority mortgage borrowers than similarly situated non-minority mortgage borrowers.

67. Answering Paragraph 67 of the Complaint, World Savings denies the allegations contained therein.

68. Answering Paragraph 68 of the Complaint, World Savings denies the allegations contained therein, and denies that Plaintiffs have been damaged in any sum, or at all.

69. Answering Paragraph 69 of the Complaint, World Savings denies the allegations contained therein, and denies that Plaintiffs are entitled to punitive damages in any sum, or at all.

70.   Answering Paragraph 70 of the Complaint, World Savings denies the allegations contained therein, and denies that Plaintiffs are entitled to any non-monetary relief.

71.   Answering Paragraph 71 of the Complaint, World Savings denies the allegations contained therein, and denies that Plaintiffs are entitled to any non-monetary relief.

## ANSWER TO COUNT II

72.   Answering Paragraph 72 of the Complaint, World Savings repeats and realleges each of the answers in Paragraphs 1 through 63 above, as though the same were set forth in full herein.

73.   Answering Paragraph 73 of the Complaint, World Savings denies the allegations contained therein, and denies specifically that it engaged in any discriminatory conduct.

74.   Answering Paragraph 74 of the Complaint, World Savings denies the allegations contained therein, and denies specifically that it engaged in any discriminatory conduct.

75.   Answering Paragraph 75 of the Complaint, World Savings denies the allegations contained therein.

76.   Answering Paragraph 76 of the Complaint, World Savings denies the allegations contained therein, and denies that Plaintiffs are entitled to monetary or non-monetary relief, in any form or sum.

77.   Answering Paragraph 77 of the Complaint, World Savings denies each and every allegation contained therein, denies specifically that it engaged in any discriminatory conduct, and further denies that Plaintiffs are entitled to punitive damages in any sum, or at all.

## ANSWER TO COUNT III

78.   Answering Paragraph 78 of the Complaint, World Savings repeats and realleges each of the answers in Paragraphs 1 through 63 above, as though the same were set forth in full herein.

79.   Answering Paragraph 79 of the Complaint, World Savings admits 42 U.S.C. § 1982 speaks for itself. Except as expressly admitted herein, World Savings denies the allegations of Paragraph 79.

80.   Answering Paragraph 80 of the Complaint, World Savings denies each and every allegation contained therein, and denies specifically that it engaged in any discriminatory conduct.

Defendant World Savings Bank's Answer to Plaintiffs' First Amended Complaint

81. Answering Paragraph 81 of the Complaint, World Savings denies the allegations contained therein, and denies specifically that it violated any statute, law or regulation.

82. Answering Paragraph 82 of the Complaint, World Savings denies each and every allegation contained therein, denies that Plaintiffs are entitled to monetary or non-monetary relief, in any form or sum, denies specifically that it engaged in any discriminatory conduct, and further denies that Plaintiffs are entitled to punitive damages in any sum, or at all.

## ANSWER TO COUNT IV

83. Answering Paragraph 83 of the Complaint, World Savings repeats and realleges each of the answers in Paragraphs 1 through 63 above, as though the same were set forth in full herein.

84. Answering Paragraph 84 of the Complaint, World Savings admits only that the text of the FHA speaks for itself and its interpretation is a legal issue. As to the remaining allegations in Paragraph 84, World Savings lacks sufficient information to admit or deny the allegations contained therein, and, on that basis, denies the allegations.

85. Answering Paragraph 85 of the Complaint, World Savings denies the allegations contained therein, and denies specifically that it imposes higher rates and fees on minority mortgage borrowers than similarly situated non-minority mortgage borrowers.

86. Answering Paragraph 86 of the Complaint, World Savings denies the allegations contained therein and denies specifically that it imposes higher rates and fees on minority mortgage borrowers than similarly situated non-minority mortgage borrowers.

87. Answering Paragraph 87 of the Complaint, World Savings denies the allegations contained therein, denies that Plaintiffs are entitled to monetary or non-monetary relief, in any form or sum, and denies specifically that it violated any statute, law or regulation.

88. Answering Paragraph 88 of the Complaint, World Savings denies the allegations contained therein, denies specifically that it engaged in any discriminatory conduct, and further denies that Plaintiffs are entitled to punitive damages in any sum, or at all.

89. Answering Paragraph 89 of the Complaint, World Savings denies the allegations contained therein, denies that Plaintiffs are entitled to non-monetary relief, in any form or sum, and denies specifically that it engaged in any discriminatory conduct.

Defendant World Savings Bank's Answer to Plaintiffs' First Amended Complaint

90. Answering Paragraph 90 of the Complaint, World Savings admits that Plaintiffs request declaratory relief, but in all other respects denies the allegations contained therein.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

1. World Savings alleges as an affirmative defense that the Complaint, and each cause of action asserted therein, fails to allege sufficient facts to state any claim for which relief can be granted to Plaintiffs, including, but not limited to, because it fails to allege a discriminatory practice or disparate impact on Plaintiffs.

### SECOND AFFIRMATIVE DEFENSE

(Statute of Limitations)

2. World Savings alleges as an affirmative defense that Plaintiffs' claims are barred by any and all applicable statutes of limitations including, but not limited to, those stated in 15 U.S.C. § 1691e(f), 42 U.S.C. § 3613(a)(1)(A), and 28 U.S.C. § 1658(a).

### THIRD AFFIRMATIVE DEFENSE

(Waiver)

3. World Savings alleges as an affirmative defense that Plaintiffs have waived any and all claims, rights, and demands made in the Complaint because they accepted the terms of any and all loans obtained from World Savings.

### FOURTH AFFIRMATIVE DEFENSE

(Estoppel)

4. World Savings alleges as an affirmative defense that Plaintiffs are barred by the doctrine of estoppel from asserting the claims, rights, and demands made in the Complaint because World Savings reasonably and justifiably relied on its loan contracts with Plaintiffs, and upon the terms and conditions stated therein, funded the loans to Plaintiffs' benefit.

## FIFTH AFFIRMATIVE DEFENSE

### (Business Necessity)

5.  World Savings alleges as affirmative defense that any alleged acts or omissions of World Savings that gave rise to Plaintiffs' alleged claims were and are justified by a legitimate business necessity and/or other legitimate non-discriminatory reason.

## SIXTH AFFIRMATIVE DEFENSE

### (Consent/Acquiescence)

6.  World Savings alleges as an affirmative defense that Plaintiffs acquiesced in and/or consented to the acts and omissions alleged in the Complaint herein, by accepting any and all loan terms and conditions disclosed to Plaintiffs by World Savings.

## SEVENTH AFFIRMATIVE DEFENSE

### (No Discriminatory Practice)

7.  World Savings alleges as an affirmative defense that it has not engaged in any discriminatory practices as alleged in the Complaint and that discriminatory intent was not a factor in determining the terms or conditions of any loan made to Plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Disparate Impact)

8.  World Savings alleges as an affirmative defense that its loan policies and procedures do not have a disparate impact on minority borrowers that is not related to risk-based factors.

## NINTH AFFIRMATIVE DEFENSE

### (Fault of Others)

9.  World Savings alleges as an affirmative defense that Plaintiffs' damages, if any, were proximately caused and/or contributed to by the acts, omissions, negligence and/or intentional misconduct of third parties, and were not caused by World Savings.

## TENTH AFFIRMATIVE DEFENSE

### (No Damages)

10. World Savings alleges as an affirmative defense that World Savings has committed no act or omission causing damage to Plaintiffs.

Defendant World Savings Bank's Answer to Plaintiffs' First Amended Complaint

## ELEVENTH AFFIRMATIVE DEFENSE

### (Speculative Damage)

11. World Savings alleges as an affirmative defense that the damages claimed by Plaintiffs in the Complaint are too speculative to support any cognizable claim for relief.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

12. World Savings alleges as an affirmative defense that Plaintiffs have failed, refused and/or neglected to take reasonable steps to mitigate their alleged damages, if any, thus barring or diminishing any recovery by them.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (No Sufficient Intent)

13. World Savings alleges as an affirmative defense that World Savings had no sufficient intent for the commission of the matters alleged in the Complaint and did not act with intent to discriminate against Plaintiffs.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Standing)

14. World Savings alleges as an affirmative defense that Plaintiffs do not have standing to bring the causes of action alleged in their Complaint because they were not discriminated against and did not pay any fee or interest rate unrelated to creditworthiness or risk.

**WHEREFORE** World Savings prays for judgment as follows:

1. That Plaintiffs take nothing by reason of their Complaint;
2. That no class be certified in this action;
3. For its costs of suit herein;
4. For its attorneys' fees according to proof; and
5. For such other and further relief as this Court may deem just and proper.

DATED: October 30, 2007.

REED SMITH LLP

By /s/ Jack R. Nelson
Jack R. Nelson
Heather B. Hoesterey
Attorneys for Defendants
Wachovia Corporation and
World Savings Bank, FSB

### DEMAND FOR JURY TRIAL

Defendant World Savings Bank, FSB hereby demands trial by jury in this action.

DATED: October 30, 2007.

REED SMITH LLP

By /s/ Jack R. Nelson
Jack R. Nelson
Heather B. Hoesterey
Attorneys for Defendants
Wachovia Corporation and
World Savings Bank, FSB

DOCSSFO-12497091.1

Defendant World Savings Bank's Answer to Plaintiffs' First Amended Complaint