Jack R. Nelson (SBN 111863)
Email: jnelson@reedsmith.com
Heather B. Hoesterey (SBN 201254)
Email: hhoesterey@reedsmith.com
REED SMITH LLP
Two Embarcadero Center, Suite 2000
San Francisco, CA 94111-3922

**Mailing Address:**
P.O. Box 7936
San Francisco, CA 94120-7936

Telephone:   +1 415 543 8700
Facsimile:   +1 415 391 8269

Attorneys for Defendants
Wachovia Corporation and
World Savings Bank, FSB

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

| | |
|---|---|
| JAVIER ZAMORA and LETICIA ZAMORA and DANIEL PEREZ and ELIZABETH PEREZ,<br><br>Plaintiffs,<br><br>vs.<br><br>WACHOVIA CORPORATION and WORLD SAVINGS BANK,<br><br>Defendants. | No.: C 07 4603 TEH<br><br>CLASS ACTION<br><br>**NOTICE OF MOTION AND MOTION TO DISMISS OF DEFENDANT WACHOVIA CORPORATION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT**<br><br>Date:        December 10, 2007<br>Time:        10:00 a.m.<br>Ctrm:        12<br><br>The Honorable Thelton E. Henderson |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:**

NOTICE IS HEREBY GIVEN that on December 10, 2007 at 10:00 a.m., or as soon thereafter as the parties may be heard, in Courtroom 12 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California 94102, before the Honorable Thelton E. Henderson, United States District Court Senior Judge, Defendant Wachovia Corporation ("Wachovia") will, and hereby does, move, pursuant to Federal Rules of Civil Procedure Rules 12(b)(1) and 12(b)(6), for an

order dismissing all claims alleged against Wachovia in plaintiffs' First Amended Class Action Complaint ("Complaint"), on the following grounds:

First, this Court does not have jurisdiction to hear plaintiffs' First Cause of Action, for violations of the Equal Credit Opportunity Act, Second Cause of Action, for violations of the Fair Housing Act and Third Cause of Action and Fourth Cause of Action, for violations of the Civil Rights Act, as against Wachovia, because plaintiffs lack standing to bring the alleged claims against Wachovia. Plaintiffs have not met the requirements for standing under Article III because they have not alleged, and can not allege, that the alleged "injuries" were cause by any conduct of Wachovia, a financial holding company organized under the Bank Holding Company Act of 1956, that is not alleged to have had any contact with Plaintiffs or played any role in plaintiffs' loan transactions (which are specifically alleged to only have been with World Savings Bank, FSB, an alleged "subsidiary" of Wachovia) and that, as a financial holding company organized under the Bank Holding Company Act of 1956, does not itself offer, originate, fund, service or set rates on loans.

Furthermore, plaintiffs' First Cause of Action, for violations of the Equal Credit Opportunity Act, fails to state a claim upon which relief can be granted because plaintiffs have not alleged, and cannot allege, any wrongful conduct on the part of Wachovia because Wachovia, as a financial holding company organized under the Bank Holding Company Act of 1956 (or, as plaintiffs allege, a "diversified financial services company") is not a "creditor" under the terms of the Act.

The Second Cause of Action, for violations of the Fair Housing Act, fails to state a claim upon which relief can be granted because plaintiffs have not alleged, and cannot allege, any wrongful conduct on the part of Wachovia.

The Third Cause of Action, for violations of the Civil Rights Act, 42 U.S.C. § 1981, fails to state a claim upon which relief can be granted because plaintiffs have not alleged, and can not allege

any wrongful conduct on the part of Wachovia and because Wachovia did not play, and is not alleged to have played, any role in the making of plaintiffs' loans.

The Fourth Cause of Action, for violations of the Civil Rights Act, 41 U.S.C. § 1982, fails to state a claim upon which relief can be granted because plaintiffs have not alleged, and cannot allege, any wrongful conduct on the part of Wachovia and because Wachovia did not play, and is not alleged to have played, any role in the making of plaintiffs' loans.

The motion will be based upon this Notice of Motion and the Memorandum of Points and Authorities attached hereto; the Declaration of C. Vance Beck in Support of Wachovia Corporation's Motion to Dismiss, the Request for Judicial Notice in Support of Wachovia Corporation's Motion to Dismiss and the [Proposed] Order, all of which are filed concurrently herewith; the pleadings and papers on file herein; and upon such other and further matters as may be presented at the hearing.

DATED: October 30, 2007.

REED SMITH LLP

By _____
Jack R. Nelson
Heather B. Hoesterey
Attorneys for Defendants
Wachovia Corporation and
World Savings Bank, FSB

## Table of Contents

Page

I. INTRODUCTION ........................................................................................................... 1

II. FACTUAL BACKGROUND AND PLAINTIFFS' ALLEGATIONS .......................... 2

    A. Wachovia is a Bank Holding Company ............................................................. 2

    B. Plaintiffs Entered Into Their Loan Transactions With World Savings Alone ................................................................................................................... 3

III. POINTS AND AUTHORITIES ..................................................................................... 4

    A. Dismissal is Appropriate Under Rule 12(b)(1) Because Plaintiffs, Who Cannot Allege That Wachovia "Caused" Their Alleged Injuries, Do Not Have Standing To Sue ...................................................................................... 4

    B. Plaintiffs Claims Against Wachovia, Premised Solely on Wachovia's Status as a Holding Company, Fail as a Matter of Law ...................................... 7

    C. Dismissal is Further Appropriate Under Rule 12(b)(6) Because Plaintiffs Have Not Alleged A Claim Against Wachovia Upon Which Relief Can Be Granted ......................................................................................................... 8

        1. Plaintiffs Have Not Adequately Alleged That Wachovia Violated The ECOA ............................................................................................. 8

        2. Plaintiffs Have Not Alleged Adequately That Wachovia Violated the CRA ................................................................................................. 9

        3. Plaintiffs Have Not Alleged Adequately That Wachovia Violated the FHA ................................................................................................. 9

IV. CONCLUSION ............................................................................................................. 10

# Table of Authorities

Page

**Cases**

*Allen v. Wright*
468 U.S. 737 (1984), *reh'g. denied*, 468 U.S. 1250 (1984)..................................................5

*Alperin v. Vatican Bank*
410 F.3d 532 (9th Cir. 2005) .....................................................................................6

*Beard v Worldwide Mortg. Corp.*
354 F.Supp. 2d 789 (W.D. Tenn. 2005)..............................................................10

*Butcher's Union Local No. 498 v. SDC Investment, Inc.*
788 F.2d 535 (9th Cir. 1986) .....................................................................................6

*Cetacean Community v. Bush*
386 F.3d 1169 (9th Cir. 2004) ..................................................................................4

*Conley v. Gibson*
355 U.S. 41 (1957)....................................................................................................8

*De La Cruz v. Tormey*
582 F.2d 45 (9th Cir. 1978) .......................................................................................8

*Dillon v. AFBIC Development Corp.*
597 F.2d 556 (5th Cir. 1979) .....................................................................................9

*FW/PBS, Inc. v. City of Dallas*
493 U.S. 215 (1990)...................................................................................................5

*Hishon v. Spalding*
467 U.S. 69 (1984).....................................................................................................8

*Lewis v. Casey*
518 U.S. 343 (1996)...................................................................................................7

*Lipsman v Sec'y of the Army*
257 F.Supp.2d 3 (D.C. Dist.Col. 2003) .....................................................................4

*Lujan v. Defenders of Wildlife*
502 U.S. 555 (1992)...............................................................................................5, 6

*McLachlan v. Bell*
261 F.3d 908 (9th Cir. 2001) .....................................................................................6

*Meyer v Holley*
537 U.S. 280 (2003).................................................................................................10

*Old West End Asso'n. v Buckeye Federal Sav. & Loan*
675 F.Supp. 1100 (N.D. Ohio 1987)........................................................................10

*Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n. 4 (9th Cir. 1998) ..............................................8

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

*Simon v. Eastern Ky. Welfare Rights Org.*
   426 U.S. 26 (1976) .................................................................................................................. 7

*Smith v. McCullough*
   270 U.S. 456 (1926) ................................................................................................................ 5

*Stock West, Inc. v. Confederated Tribes*
   873 F.2d 1221 (9th Cir. 1989) ................................................................................................. 5

*Swartz v. KPMG LLP*
   476 F.3d 756 (9th Cir. 2007) ................................................................................................... 6

*Tosco Corp. v. Communities for a Better Environment*
   236 F.3d 495 (9th Cir. 2001) ................................................................................................... 5

*United States v. Bestfoods*
   524 U.S. 51 (1998) ............................................................................................................. 7, 9

*United States v. Ritchie*
   342 F.3d 903 (9th Cir. 2003) ................................................................................................... 8

*Van Buskirk v. CNN*
   284 F.3d 977 (9th Cir. 2002) ............................................................................................... 4, 8

*Warth v. Seldin*
   422 U.S. 490 (1975) ................................................................................................................ 5

*Whitfield v. Century 21 Real Estate Corporation*
   484 F.Supp. 984 (1979) ........................................................................................................... 9

*Whitmore v. Arkansas*
   495 U.S. 149 (1990) ................................................................................................................ 4

**Statutes**

15 U.S.C. § 1691a(e) ..................................................................................................................... 8

15 U.S.C. § 1961(a) ....................................................................................................................... 8

42 U.S.C. § 3605(b) ....................................................................................................................... 9

Fed. R. Civ. Proc. Rule 12(b)(1) .................................................................................................... 4

Fed. R. Civ. Proc. Rule 12(b)(6) .................................................................................................... 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

This purported class action is brought by three named plaintiffs who, as borrowers, entered into mortgage loans with World Savings Bank, FSB ("World Savings") as their lender. The plaintiffs allege causes of action against World Savings and Wachovia, a financial holding company organized under the Bank Holding Company Act of 1956, for violations of the Equal Credit Opportunity Act, Fair Housing Act and Civil Rights Act based on allegations that plaintiffs, as borrowers, were subject to "racially discriminatory mortgage lending practices." *See e.g.* First Amended Complaint, filed herein on September 27, 2007 ("FAC") at ¶ 2. Plaintiffs, all of whom are Latino, base their claims on the conclusory allegation, unsupported by any facts, that they received loans with "worse" terms and higher costs than non-minority borrowers. *See* FAC at ¶¶ 9, 10, 46.

Without regard to the accuracy of plaintiffs' allegations, however, even accepting them all as true for purposes of this motion to dismiss, plaintiffs' claims against Wachovia cannot survive. Plaintiffs have no standing to bring any claims against Wachovia and plaintiffs' alleged injuries, if any there are, were not caused by any conduct of Wachovia – as the allegations of the Complaint make clear.

Plaintiffs did not enter into any loans with Wachovia, and the Complaint does not allege plaintiffs had any relationship, contractual or otherwise, with Wachovia. Plaintiffs allege implicitly – and erroneously, as established by Wachovia's Request for Judicial Notice – that Wachovia has "assumed" World Savings' prior position as Plaintiffs' lender and then lump Wachovia and World Savings together for purposes of all of their allegations about World Savings' purported policies, practices and conduct. Because World Savings remains an entity (a federally chartered savings bank, to be specific) and has not "disappeared," however, this is not a case of successor liability. To

bring their claim plaintiffs must plead specific conduct on the part of Wachovia – not World Savings – that can withstand the test of a motion to dismiss. Plaintiffs have not attempted this – because they cannot do it.

Wachovia, a financial holding company organized under the Bank Holding Company Act of 1956, does not engage in any of the activities plaintiffs attack in the Complaint. It is a holding company and no more. As a matter of law, the fact that World Savings is an indirect subsidiary of Wachovia does not provide any basis to allege any causes of action against Wachovia, a complete stranger to the complained-of loan transactions. Therefore, plaintiffs' causes of action against Wachovia should be dismissed without leave to amend.

## II.
## FACTUAL BACKGROUND AND PLAINTIFFS' ALLEGATIONS

### A.  Wachovia is a Bank Holding Company

Wachovia is financial holding company organized under the Bank Holding Company Act of 1956. *See* Request for Judicial Notice in Support of Wachovia Corporation's Motion to Dismiss, filed concurrently herewith ("RJN") at ¶ 1, Ex. A; *see also* Declaration of C. Vance Beck in Support of Wachovia Corporation's Motion to Dismiss, filed concurrently herewith ("Beck Declar.") at ¶ 2. It does not engage in business in California and is not registered to do business in California with the California Secretary of State. World Savings is an indirect subsidiary of Wachovia Corporation. *See* Beck Declar. at ¶ 3; see also *RJN* at ¶¶ 1-3, Exs. A-D. Contrary to an implied allegation in the Complaint [FAC at ¶12, pp. 2:23-3:7], public records make clear the World Savings did not disappear as the result a Wachovia's 2006 acquisition of World Savings' parent entity, Golden West Financial Corporation [*see id.*], and there has been no transaction or mechanism by which Wachovia took direct responsibility or liability for the lending activities of World Savings. World Savings has merely seen a change in the identity of its ultimate parent entity. Plaintiffs' entire claim against Wachovia is built on the premise that this change of ultimate corporate ownership now makes

Wachovia liable for the activities of World Savings, but plaintiffs are simply not correct. It does not.

*Wachovia* – unlike World Savings - does not engage in the business of banking. *See* RJN ¶ 1, Ex. A. Notably, it is not a mortgage lender. It does not solicit, originate, fund, service or set rates on loans. S*ee* Beck Declar. at ¶ 4. Accordingly, it had no involvement in plaintiffs' loan transactions or in the policies, practices and actions that led to the loans being made. *See id.* at ¶ 5. Indeed, plaintiffs make no allegation that it did.

**B.     Plaintiffs Entered Into Their Loan Transactions With World Savings Alone**

While plaintiffs' complaint is filled with broad and conclusory allegations concerning the mortgage lending industry in general, there are very few allegations regarding the defendants, and even fewer directly regarding Wachovia in its legal capacity as an entity separate and apart from World Savings. Indeed, each named plaintiff alleges candidly that he or she entered into a loan with World Savings, and World Savings alone. *See e.g.* FAC ¶ 39 ("World Savings Bank was the lender on the Zamoras' original loan and also on the refinance."); *see also* FAC ¶ 42 ("World Savings Bank refinanced and funded [the Perez's] loan.") Plaintiffs do not allege any contact whatsoever with Wachovia.

Plaintiffs' only allegations regarding Wachovia directly (as opposed to lumping it together erroneously and impermissibly as a single entity indistinguishable from World Savings) are contained within paragraphs 11 and 12 of their complaint. Therein they allege that, "Wachovia is a diversified financial services company headquartered in Charlotte, North Carolina," and "Wachovia Corporation merged with Golden West Financial Services in 2006. …Following the merger, World Savings became a subsidiary of Wachovia Corporation." *See* FAC at ¶¶ 11-12. Plaintiffs allege that, "Defendants have informed consumers that they are in the process of wholly integrating their banking services," although the allegation is based only upon reference to a web site page which is not attached to the complaint. There is no basis for plaintiffs' conclusory allegation that Wachovia

"assumed all rights, obligations and liabilities arising out of and related to loans made by World Savings Bank…" *See* FAC at ¶ 12. Indeed, because Wachovia is a holding company and not engaged in the mortgage lending business in any way, this allegation simply finds no support in the facts. *See* RJN ¶¶ 1-3, Exs. A-D. Indeed, nothing on the website to which plaintiffs refer in the Complaint suggests, much less states, that Wachovia in fact assumed World Savings' role as the lender on plaintiffs' mortgages. To the contrary, the site makes clear that Wachovia simply bought World Savings' parent entity [*see* http://www.wachovia.com/inside/page/0,,132_152,00.html and http://www.wachovia.com/inside/page/0,,133_205_10949_10950,00.html, 10/01/2006 entry] and is now merely re-branding World Savings as "Wachovia" for the customers of Wachovia's banking subsidiaries. *See* http://www.wachovia.com/inside/page/0,,131_10466_12314,00.html.[1] *See* RJN ¶ 3, Ex. D.

### III.

### POINTS AND AUTHORITIES

**A.   Dismissal is Appropriate Under Rule 12(b)(1) Because Plaintiffs, Who Cannot Allege That Wachovia "Caused" Their Alleged Injuries, Do Not Have Standing To Sue**

For a federal court to have subject matter jurisdiction over any case, the plaintiffs must have standing to assert their claims under Article III of the United States Constitution. When plaintiffs cannot establish standing to sue, dismissal is appropriate under Rule 12(b)(1). Fed. R. Civ. Proc. Rule 12(b)(1); *see also Cetacean Community v. Bush*, 386 F.3d 1169, 1174 (9th Cir. 2004); *Lipsman v Sec'y of the Army*, 257 F.Supp.2d 3, 5 (D.C. Dist.Col. 2003).

If a defendant brings a motion under Rule 12(b)(1), the plaintiffs have the burden of proving jurisdiction in order for their claims to survive the motion. *See Whitmore v. Arkansas*, 495 U.S. 149, 154 (1990) (before a court can consider the merits of a claim, "the person seeking to invoke the

---

[1] Having cross-referenced Wachovia's website into their Complaint, plaintiffs must now live with all contents of all component parts of the website, not just those that they purport to interpret for the Court. *See Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002).

jurisdiction of the court must establish the requisite standing to sue"); *see also FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). "A plaintiff suing in a federal court must show in his pleading, **affirmatively** and **distinctly**, the existence of whatever is essential to federal jurisdiction, and, if he does not do so, the court, on having the defect called to its attention or on discovering the same, must dismiss the case, unless the defect be corrected by amendment." *Smith v. McCullough*, 270 U.S. 456, 459 (1926) (emphasis added); *Tosco Corp. v. Communities for a Better Environment*, 236 F.3d 495, 499 (9th Cir. 2001).

"The requirement of standing ... has a core component derived directly from the Constitution." *Allen v. Wright*, 468 U.S. 737, 750 (1984), *reh'g. denied*, 468 U.S. 1250 (1984). To establish standing, plaintiffs must establish three elements.

> [T]he plaintiff must have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized... and (b) actual or imminent, not conjectural or hypothetical. Second, there must be a causal connection between the injury and the conduct complained of -- the injury has to be fairly... traceable to the challenged action of the defendant, and not ... the result [of] the independent action of some third party not before the court. Third, it must be likely as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Lujan v. Defenders of Wildlife*, 502 U.S. 555, 560 (1992) (internal citations and quotations omitted); *see also Warth v. Seldin*, 422 U.S. 490, 498 (1975).

The causation or "traceability" element requires that courts examine plaintiffs' claims to ascertain whether plaintiffs have suffered any injury traceable to conduct of a particular defendant. *Lujan v. Defenders of Wildlife, supra*, 502 U.S. at 560. Here, plaintiffs cannot satisfy that element.

Plaintiffs have not alleged, and cannot allege, any conduct on the part of *Wachovia* that caused their alleged injuries. Each plaintiff entered into a loan with World Savings. *See* FAC ¶¶ 39, 42. Plaintiffs cannot overcome this defect in their complaint by the use of their broad term "WACHOVIA," which they have defined to include Wachovia *and* its wholly-owned subsidiary, World Savings. *See* FAC ¶ 1. It is well-established that, in establishing the threshold question of jurisdiction, mere "bare bones" assertions of minimum contacts with the forum or legal conclusions unsupported by specific factual allegations will not satisfy a plaintiff's pleading burden. *See Alperin v. Vatican Bank*, 410 F.3d 532, 539 n.1 (9th Cir. 2005); *Butcher's Union Local No. 498 v. SDC Investment, Inc.*, 788 F.2d 535, 540 (9th Cir. 1986). *Swartz v. KPMG LLP*, 476 F.3d 756, 766 (9th Cir. 2007). "Each element [of standing] must be supported ... with the manner and degree of evidence required at the successive stages of the litigation." *Lujan v. Defenders of Wildlife, supra*, 502 U.S. at 561. Declarations and evidence outside the pleadings may be considered in determining whether the standing threshold can be satisfied. *McLachlan v. Bell*, 261 F.3d 908, 909 (9th Cir. 2001).

As shown in both the Complaint itself [FAC at ¶¶ 39 and 42-44] and in the supporting declaration of Mr. Beck, Wachovia had no involvement with any of the plaintiffs' loans. *See* RJN ¶¶ 1-3, Exs. A-D; *see also* Beck Declar. ¶¶ 4-5. Wachovia did not solicit, originate, fund, service or set rates on the loans entered into by plaintiffs with World Savings. Beck Declar. at ¶¶ 4-5. As such, plaintiffs cannot demonstrate any "traceability" of their alleged harms to the particular conduct of Wachovia. Furthermore, because Wachovia is a financial holding company organized under the Bank Holding Company Act of 1956 and does not engage in the mortgage loan business, plaintiffs could never demonstrate any conduct by Wachovia toward any purported class member. *See* RJN ¶ 1, Ex. A; *see also* Beck Declar. ¶¶ 2, 4. And even if plaintiffs could allege in good faith any actionable conduct by Wachovia, which they cannot, the mere fact that a plaintiff brings a class action, "adds nothing to the question of standing, for even named plaintiffs who represent a class 'must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong and which they purport to represent.'"

*Lewis v. Casey*, 518 U.S. 343, 357 (1996) (quoting *Simon v. Eastern Ky. Welfare Rights Org.*, 426 U.S. 26, 40, n.20 (1976).) Here, each plaintiff entered into a loan with World Savings. See FAC ¶¶ 39, 42. Plaintiffs do not have standing to bring their claims against Wachovia, and the Complaint should be dismissed with prejudice because plaintiffs could not plead facts sufficient to allege standing.

### B. Plaintiffs Claims Against Wachovia, Premised Solely on Wachovia's Status as a Holding Company, Fail as a Matter of Law

Plaintiffs' claims are not helped by the allegation that World Savings is a subsidiary of Wachovia. *See* FAC ¶ 12. The fundamental premise of the corporate form is the separateness of the shareholder and the corporation. "It is a general principal of corporate law deeply ingrained in our economic and legal systems that a parent corporation (so-called because of control through ownership of another corporation's stock) is not liable for the acts of its subsidiaries." *United States v. Bestfoods*, 524 U.S. 51 (1998). The assets and the liabilities of the corporation belong to the corporation, not its shareholder. Similarly, when a corporation acts, those acts are attributable to the corporation, not its shareholder. A parent corporation does not act "directly" through its subsidiary when parental involvement remains within the "normal relationship" expected between parent and subsidiary. *Id.* (finding parent not liable for violations of CERCLA at subsidiary's facility.) "Activities that involve" the facility but which are consistent with the parent's investor status, such as monitoring of the subsidiary's performance, supervision of the subsidiary's finance and capital budget decisions, and the articulation of general policies and procedures, should not give rise to direct liability. *Id.* at 72.

Accordingly, the mere fact that Wachovia now owns the voting securities of the parent entity of World Savings is not an allegation sufficient to confer standing to bring causes of action against Wachovia. Plaintiffs' attempts to co-mingle defendants as "WACHOVIA" do not create any basis to bring their claims, in light of the established evidence that Wachovia does not engage in any of the complained-of acts. *See* RJN ¶ 1, Ex. A; *see also* Beck Declar. ¶ 4. For these reasons, plaintiffs'

complaint against Wachovia should be dismissed.

C. **Dismissal is Further Appropriate Under Rule 12(b)(6) Because Plaintiffs Have Not Alleged A Claim Against Wachovia Upon Which Relief Can Be Granted**

Dismissal is also required under Rule 12(b)(6). Dismissal under Rule 12(b)(6) is proper where "it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Hishon v. Spalding*, 467 U.S. 69, 73 (1984). In ruling on a Rule 12(b)(6) motion, the Court may consider documents attached to or incorporated in the complaint, as well as ones that are "integral" to the complaint, even if not integrated therein. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 n. 4 (9th Cir. 1998); *Van Buskirk v. CNN*, 284 F.3d 977, 980 (9th Cir. 2002). The Court may also take judicial notice of appropriate matters for purposes of a Rule 12(b)(6) ruling. *United States v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003).

1. **Plaintiffs Have Not Adequately Alleged That Wachovia Violated The ECOA**

The Equal Credit Opportunity Act ("ECOA") serves to prohibit discrimination on the basis of race, color, religion, national origin, sex or marital status, or age by any "creditor". *See* 15 U.S.C. § 1961(a). A "creditor" is "any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." 15 U.S.C. § 1691a(e). Here, plaintiffs' claims for violation of the ECOA must fail because plaintiffs have not adequately alleged, and cannot allege, that Wachovia is a "creditor" under the ECOA.

Plaintiffs allege that, "Defendant WACHOVIA engages in credit transactions through its offering, granting, and purchasing of residential mortgage loans." *See* FAC ¶ 65. Nevertheless, this allegation is contradicted by the publicly available fact that Wachovia is a holding company and does not engage in this business – outside of the fact that it owns entities that do engage in it. *See*

RJN ¶ 1, Ex. A. As Wachovia does not engage in this business, it is not a "creditor" under the ECOA. *See id.* Plaintiffs' cause of action for violation of the ECOA against Wachovia should be dismissed.

### 2. Plaintiffs Have Not Alleged Adequately That Wachovia Violated the CRA

Plaintiffs have not alleged any conduct on the part of Wachovia directly that suggests that it (as opposed to a subsidiary) acted in violation of the Civil Rights Act. Wachovia may not be held "vicariously liable" for its simple role as the parent of World Savings, the only defendant with whom plaintiffs allege they had any contact. *See* FAC ¶¶ 39, 42; *see also United States v. Bestfoods*, 524 U.S. at 72.

In *Whitfield v. Century 21 Real Estate Corporation*, 484 F.Supp. 984 (1979), the District Court for the Southern District of Texas, relying on *Dillon v. AFBIC Development Corp.*, 597 F.2d 556 (5th Cir. 1979), granted summary judgment in favor of franchise licensor on plaintiffs' claims licensor and real estate agent had violated the Civil Rights Act. *Id.* at 986. In so ruling, the *Whitfield* Court noted the absence of the "requisite element of control" and "minimal involvement" in the complained-of acts. *Id.* Likewise, plaintiffs have not alleged Wachovia, a holding company, had any control or involvement in the complained-of acts. This claim against Wachovia should be dismissed.

### 3. Plaintiffs Have Not Alleged Adequately That Wachovia Violated the FHA

Plaintiffs' claims for violation of the Fair Housing Act are based on allegations of misconduct in connection with mortgage lending and the providing of residential mortgage loans. *See* FAC ¶ 84; *see also* 42 U.S.C. § 3605(b). The relevant provision of the Fair Housing Act prohibits discrimination in, "[t]he making or purchasing of loans or providing other financial assistance … for purchasing, constructing, improving, repairing, or maintaining a dwelling; or …

secured by residential real estate." Again, plaintiffs have not tried to allege, and cannot allege, any direct conduct on the part of Wachovia – as opposed to World - that arguably violated the FHA. This claim too should be dismissed.

Courts have repeatedly found that no claims exist against parties who played no role in an allegedly discriminatory transaction. *See e.g. Old West End Asso'n. v Buckeye Federal Sav. & Loan*, 675 F.Supp. 1100 (N.D. Ohio 1987) (rejecting claims against loan arranger); *Beard v Worldwide Mortg. Corp.*, 354 F.Supp. 2d 789 (W.D. Tenn. 2005) (rejecting claims when plaintiff did not allege defendant engaged in business of residential real estate transactions); *Meyer v Holley*, 537 U.S. 280 (2003) (rejecting claims against corporations owner and sole shareholder based on theory of vicarious liability). Because plaintiffs have not alleged, and cannot allege, that Wachovia played any role in any of their loans, no cause of action lies against Wachovia. Plaintiffs' FHA claim against Wachovia should be dismissed.

## IV.
## CONCLUSION

Wachovia, a financial holding company organized under the Bank Holding Company Act of 1956, played no role in the complained-of loan transactions. Wachovia is not a creditor, and it does not offer, solicit, fund, set rates on or service loans. Accordingly, plaintiffs' cannot establish standing to bring any claim against Wachovia, there is no basis for this Court to exercise jurisdiction over Wachovia, and plaintiffs' complaint fails to state any claim against Wachovia. Therefore, and for all the reasons as stated herein, Wachovia respectfully requests that this Court issue an Order dismissing plaintiffs' claims against Wachovia, with prejudice.

DATED: October 30, 2007.

REED SMITH LLP

By _____
Jack R. Nelson
Heather B. Hoesterey
Attorneys for Defendants
Wachovia Corporation and
World Savings Bank, FSB

DOCSSFO-12497056.2