BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Andrew S. Friedman
Wendy J. Harrison (SBN 151090)
2901 North Central Ave., Suite 1000
Phoenix, AZ 85012
(602) 274-1100

CHAVEZ & GERTLER, L.L.P.
Mark A. Chavez (SBN 90858)
Jonathan Gertler (SBN 111531)
Nance F. Becker (SBN 99292)
42 Mill Avenue
Mill Valley, California 94941
(415) 381-5599

Attorneys for Plaintiffs
[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JAVIER AND LETICIA ZAMORA and DANIEL PEREZ and ELIZABETH PEREZ,<br><br>Plaintiff,<br><br>vs.<br><br>WACHOVIA CORPORATION and WORLD SAVINGS BANK,<br><br>Defendants. | Case No.: C 07-4603 JSW<br><br>STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL, TRADE SECRET AND PRIVATE CONSUMER INFORMATION<br><br>The Honorable Jeffrey S. White |

In order to protect confidential, trade secret, proprietary and private consumer information, good cause appearing, and based on the stipulation of the parties to this action

**IT IS HEREBY ORDERED AS FOLLOWS:**

This Order shall govern the use of confidential, trade secret and private consumer information produced during discovery in this proceeding. As used in this Order, the term "party" shall mean all named parties in the above-styled action, including any named party added or joined to this action. As used in this Order, the term "non-party" shall

mean any individual, corporation, association, or other natural person or entity other than a party. The term "documents" as used herein is intended to be comprehensive and includes any and all materials in the broadest sense contemplated by Rule 34 of the Federal Rules of Civil Procedure. For purposes of this Order, the party or non-party designating information, documents, materials or items as confidential bears the burden of establishing the confidentiality of all such information, documents, materials or items.

1. For the purposes of this Order, "Confidential" information means the following types of documents and information:

(a) Information that constitutes a trade secret in accordance with Cal. Civil Code § 3426.1;

(b) Non-public communications with regulators or other governmental bodies that are intended to be kept confidential and/or are protected from disclosure by statute or regulation;

(c) Information, materials, and/or other documents reflecting non-public business or financial strategies, and/or confidential competitive information which, if disclosed, would result in prejudice or harm to the disclosing party; and

(d) Borrower-specific information, including private consumer information that contains identifying, contact or private financial information provided by a consumer to a financial institution, resulting from any transaction with the consumer or any service performed for the consumer, or otherwise obtained by the financial institution, including any list, description, or other grouping of consumers (and publicly available information pertaining to them) that is derived using any nonpublic personal information, including any "nonpublic personal information" such as identified by the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 *et seq*.

2. Any party may seek an amendment to this Order to designate confidential documents and information in addition to the categories described in Paragraph 1 before production of any such documents and information. The parties agree to meet and confer

in good faith and attempt to reach agreement on any request by a party to designate such additional categories of confidential documents or information.

3. Confidential documents shall be so designated by stamping copies of the document produced to a party with one of the following legends:

"CONFIDENTIAL - SUBJECT TO PROTECTIVE ORDER,"

"CONFIDENTIAL" or "CONFIDENTIAL PRIVATE CONSUMER INFORMATION"

Any such stamp or designation shall not cover up, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document. If such designation is not feasible (*e.g.* in the case of certain electronic documents), then such designation may be made by informing the other parties in writing.

4. The designation of any material as "Confidential" pursuant to this Order shall constitute the verification of counsel for the producing party or non-party that the material constitutes Confidential information as defined in Paragraph 1 of this Order.

5. Documents produced by a party or non-party or their counsel ("Designating Party") and as confidential under this Order (hereinafter "Confidential Material") may be disclosed or made available only to the following persons (hereinafter "Qualified Persons"):

(a) The parties to this action or an officer, director, or employee of a party deemed reasonably necessary by counsel to aid in the prosecution, defense, or settlement of this action;

(b) Counsel for the parties to this action ("Counsel"), including all partners and associate attorneys of such Counsel's law firms and all clerks, employees, independent contractors, investigators, paralegals, assistants, secretaries, staff and stenographic, computer, audio-visual and clerical employees and agents thereof when operating under the direct supervision of such partners or associate attorneys and who are actually working on this action, all of whom shall be bound by this Order;

(c) The Court and any person employed or retained by the Court whose duties require access to confidential material;

(d) Stenographic reporters or audio-visual personnel engaged in connection with this action including deposition reporters, video operators and transcribers;

(e) Any person who created, authored, received or reviewed such Confidential Material and those persons identified on such Confidential Material as creators, authors or recipients of the Confidential Material;

(f) Actual and/or potential trial or deposition witnesses, where counsel believes, in good faith, that disclosure is necessary to prepare for or develop the testimony of such witnesses;

(g) Experts or consultants retained by such counsel to assist in the prosecution, defense, or settlement of this action and their respective employees, associates or colleagues;

(h) Employees of firms engaged by the parties for purposes of photocopying, electronic imaging or computer litigation support in connection with this litigation; or

(i) Such other persons as may be designated by written agreement of Counsel or by order of the Court.

6. Prior to receiving any Confidential Material, each Qualified Person described in paragraphs 5(e) through 5(g) shall be provided with a copy of this Order and shall execute an Agreement to Maintain Confidentiality (hereinafter "Confidentiality Agreement") in the form of Attachment "A."  Each such person signing a Confidentiality Agreement shall be subject to and bound by this Order.  Counsel for the party seeking to disclose Confidential Material to any Qualified Person pursuant to paragraphs 5(e) through 5(g) shall be responsible for retaining the executed originals of all such

Confidentiality Agreements and certifying that such individuals have complied with the requirements of Paragraph 14.

No Party may file in the public record in this action any Confidential Material without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons. Any Party that seeks to file under seal any Confidential Material must comply with Civil Local Rule 79-5.

7. If a person receiving Confidential Material learns that, by inadvertence or otherwise, it has disclosed Confidential Material to any person or in any circumstance not authorized under this Order, that person shall request the recipient to return the Confidential Material including all copies thereof, and notify the Designating Party that produced the Confidential Material of the disclosure.

8. Nothing in this Order shall prohibit disclosure of Confidential Material in response to compulsory process or the process of any governmental regulatory agency. If any person subject to this Order, including a person subject to a Confidentiality Agreement under this Order, is served with such process or receives notice of any subpoena or other discovery request seeking Confidential Material, such person shall promptly (not more than three (3) working days after receipt of such process or notice) notify the Designating Party of such process or request, shall take all reasonable steps to refrain from producing Confidential Material in response to such process, and shall afford a reasonable opportunity for the Designating Party to oppose the process or to seek a protective order.

9. Counsel for any deponent, party or non-party may designate specific portions of deposition testimony or exhibits as Confidential Material by indicating on the record at the deposition that the testimony of the deponent or any exhibits to his testimony are to be treated as confidential. The Court reporter shall separately bind such testimony and exhibits in a transcript bearing the legend "Confidential – Subject To Protective Order" on the cover page. Failure of Counsel to designate testimony or

1  exhibits as confidential at deposition, however, shall not constitute a waiver of the
2  confidentiality of the testimony or exhibits. Upon receipt of the transcript of the
3  deposition, Counsel shall be entitled to designate specific pages and lines of the transcript
4  or the exhibits as confidential within 30 (thirty) days after receipt of the transcript. Until
5  Counsel for the deponent, party or non-party designates the transcript or exhibits as
6  confidential, however, any other party shall be entitled to treat the transcript or exhibits as
7  non-confidential material.

8      10.    No one may attend the portions of depositions or review the transcripts of
9  the portions of any depositions at which Confidential Material is shown or discussed other
10 than those persons designated in Paragraph 5 and outside counsel for any non-party
11 deponent (who shall first sign the Confidentiality Agreement).

12     11.    A party or other person objecting to designation of any document(s) or
13 material(s) as Confidential Material shall provide written notice of the objection to
14 Counsel for the Designating Party, specifying the document(s) or material(s) that are the
15 subject of the objection. Upon receipt of the written objection, counsel for the
16 Designating Party shall, within twenty (20) days, provide a written response to the
17 objecting party explaining the basis for the designation as Confidential Material; otherwise
18 the document(s) or material(s) shall be deemed to be no longer Confidential
19 without a court order. The parties and any other objecting person(s) shall confer
20 in good faith in an effort to resolve the objection and any response by the Designating
21 Party. If the objecting party or person and the Designating Party are unable to resolve the
22 issue, the Designating Party, within fourteen (14) days after serving its written response
23 to the objection notification, may file a motion with the Court to continue the designation
24 of the document(s) or material(s) as "Confidential Material." In deciding such a motion,
25 the Court shall make an independent determination as to whether or not the document(s)
26 or materials) is Confidential and is entitled to protection under applicable law. To
27 maintain confidential status, the Designating Party shall have the burden of establishing
28

that the document(s) or material(s) constitutes Confidential Material as defined in Paragraph 1 of this Order, and is entitled to protection under applicable law. If the Designating Party does not file a motion seeking to maintain the "Confidential Designation" within fourteen (14) days after serving its written response to the objection to confidentiality, the document(s) or material(s) at issue shall be deemed to be no longer confidential.

12. If any Confidential Material is inadvertently provided to a discovering party without being marked as confidential in accordance with this Order, the producing party may thereafter designate such materials as confidential and the initial failure to so mark the material shall not be deemed a waiver of its confidentiality. Until the material is designated as confidential by the Designating Party, however, the discovering party shall be entitled to treat the material as non-confidential.

13. If a party inadvertently produces information that it later discovers, or in good faith later asserts, to be privileged or otherwise protected from disclosure, the production of that information will not be presumed to constitute a waiver of any applicable privileges or other protections. In these circumstances, the producing party must immediately notify all parties in writing of the inadvertent production and the basis for the privilege or other protection from production, and request in writing the return or confirmed destruction of the privileged or protected information. Within five days of receiving such notification, and in compliance with the receiving parties' ethical obligations under the law, all receiving parties who have not already reviewed such materials or who have reviewed the materials but do not contest the applicability of the privilege asserted must return or confirm destruction of all such materials, including copies and/or summaries thereof. However, should a receiving party contest the applicability of a privilege asserted with respect to an inadvertently produced document which the receiving party has already reviewed, the receiving party may temporarily retain the document or documents at issue for the sole purpose of contesting the

applicability of the privilege asserted.  Within two (2) business days of the issuance of a court order deeming the contested documents at issue privileged, however, the receiving party must return or confirm destruction of all such materials, including copies and/or summaries thereof.

14.  Within sixty (60) days of final termination of this lawsuit, including all appeals, (whether by judgment, settlement or otherwise) all materials produced by a party that contain Confidential Material, including all abstracts and summaries of such material, shall be destroyed or returned to Counsel for the Designating Party.  Such destroyed or returned materials shall not include the notes or work product of counsel for the parties, expert witnesses or consultants or investigators or agents thereof.  Counsel for each such party shall certify that the provisions of this paragraph have been satisfied by sending opposing counsel a letter confirming compliance.  Reasonable out-of-pocket costs associated with returning or destroying Confidential Materials will be borne by the party requesting its return or destruction.

15.  No party receiving documents or materials designated as "Confidential Material," shall have any obligation to object to the designation at the time the designation is made or at any time thereafter.  No party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

16.  Nothing contained in this Order shall be a waiver of any objection to the admissibility of any evidence at trial, in any pretrial proceeding or on appeal.

DATED this 28th day of February, 2008.

                                        BONNETT, FAIRBOURN, FRIEDMAN, & BALINT, P.C.

                                        /s Wendy J. Harrison_____
Andrew S. Friedman (admitted *pro hac vice*)
Wendy J. Harrison (CA SBN 151090)
2901 North Central Avenue, Suite 1000
Phoenix, Arizona 85012

CHAVEZ & GERTLER, L.L.P.
Mark A. Chavez (CA SBN 90858)
Jonathan Gertler (CA SBN 111531)
Nance F. Becker (CA SBN 99292)
42 Miller Avenue
Mill Valley, California 94941

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
John J. Stoia, Jr. (CA SBN 141757)
Theodore J. Pintar (CA SBN 131372)
Leslie E. Hurst (CA SBN 178432)
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

Attorneys for Plaintiff

REED SMITH LLP

  /Heather B. Hoesterey_____
Jack R. Nelson (SBN 111863)
Tyree P. Jones, Jr. (SBN 127631)
Heather B. Hoesterey (SBN 201254)
Two Embarcadero Center
San Francisco, CA 94111-3922
Telephone: (415) 543-8700

Mailing Address:
P. O. Box 7936
San Francisco, CA 94120-7936
Attorneys for Defendants

**[PROPOSED] ORDER**

IT IS SO ORDERED.

Dated: February___, 2008

                                                                Hon. Jeffrey S. White
                                                                United States District Judge

EXHIBIT A

CONFIDENTIALITY AGREEMENT

STATE OF _____

COUNTY OF _____

_____, being duly sworn deposes and says:

I have read the attached Protective Order Regarding Confidential and Trade Secret Information, if any, entered herein, and I agree to be bound by the terms thereof.

_____

SUBSCRIBED AND SWORN TO before me this _____ day of _____, 2008.

_____
Notary Public

My Commission Expires:

_____

DOCSSFO-12506974.1

-