BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.
Andrew S. Friedman
Wendy J. Harrison (SBN 151090)
2901 North Central Ave., Suite 1000
Phoenix, AZ  85012
(602) 274-1100

CHAVEZ & GERTLER, L.L.P.
Mark A. Chavez (SBN 90858)
Jonathan Gertler (SBN 111531)
Nance F. Becker (SBN 99292)
42 Mill Avenue
Mill Valley, California 94941
(415) 381-5599

Attorneys for Plaintiffs
[Additional counsel appear on signature page.]

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JAVIER AND LETICIA ZAMORA and DANIEL PEREZ and ELIZABETH PEREZ, <br><br> Plaintiff, <br><br> vs. <br><br> WACHOVIA CORPORATION and WORLD SAVINGS BANK, <br><br> Defendants. | Case No.: C 07-4603 JSW <br><br> MOTION TO ENTER [PROPOSED] PRE-TRIAL ORDER NO. 1 AND MEMORANDUM IN SUPPORT THEREOF <br><br> The Honorable Jeffrey S. White |

Plaintiffs Leticia Zamora, Daniel Perez and Elizabeth Perez ("Plaintiffs") submit this memorandum in support of their Motion to enter the [Proposed] Pre-trial Order No. 1 ("PTO No. 1") filed concurrently herewith.  Entry of PTO No. 1 will, among other things, appoint Plaintiffs' counsel, Bonnett Fairbourn Friedman & Balint, P.C. ("Bonnett Fairbourn"), as Lead Interim Class Counsel.

MOTION TO ENTER PRE-TRIAL ORDER NO. 1 AND MEMORANDUM IN SUPPORT

**INTRODUCTION AND BACKGROUND**

On September 5, 2007, Plaintiffs filed this action individually and on behalf of all other similarly situated minorities who have entered into residential mortgage loan contracts that were originated, financed or purchased by Defendant World Savings Bank ("Defendant" or "World Savings"). Plaintiffs, who each are members of a protected minority group, challenge World Savings' mortgage pricing policies and procedures that result in minorities receiving home loans with higher fees, rates and costs than similarly situated non-minority borrowers.

On December 5, 2007, an Order of Disqualification in this matter was entered by the Honorable Thelton E. Henderson. The action was reassigned to this Court by Order of December 6, 2007.

On December 11, 2007, this Court entered an Order setting a Case Management Conference and directing the parties to meet through lead counsel and thereafter submit a joint statement pursuant to Federal Rule of Civil Procedure 26(f). The parties' joint Rule 26(f) report was filed on January 25, 2008.

On February 1, 2008, an initial Case Management Conference was held before this Court. Thereafter, the Court entered a Civil Minute Order on February 4, 2008, which *inter alia*, established a pretrial schedule and directed Plaintiffs to submit a motion for appointment of interim class counsel.

Thus, to ensure the efficient and orderly prosecution of this putative class action and effective representation for the Class, and for the reasons set forth below, Plaintiffs respectfully request the Court to appoint the Bonnett Fairbourn law firm as Lead Interim Class Counsel and enter PTO No. 1.

# ARGUMENT

## I. BONNETT FAIRBOURN SHOULD BE APPOINTED LEAD INTERIM CLASS COUNSEL.

### A. The Court Should Designate Lead Interim Class Counsel Pursuant to Rule 23(g).

Federal Rule of Civil Procedure 23(g) provides that "[t]he court may designate interim counsel to act on behalf of the putative class before determining whether to certify the action as a class action." Fed. R. Civ. Proc. 23(g)(3). Such orders are common and are encouraged in complex class actions. *See Manual for Complex Litigation* (Fourth ed.) §10.22 (recommending special procedures for coordination of counsel early in complex litigation). Appointment of interim leadership for the putative class at this stage will assist to streamline prosecution of the litigation, eliminate unnecessary costs and delays, expedite the proceedings and result in the best resolution for the proposed class. *See Manual for Complex Litigation* (Fourth ed.), §22.62 ("Early organization of counsel . . . is a critical case management task.").

Appointment of interim class counsel is particularly warranted because the parties are currently exploring the prospect for an early resolution of this case. *See* Advisory Committee Notes to Fed. R. Civ. Proc. 23(g) ("Settlement may be discussed before certification. . . . [A]n attorney who negotiates a pre-certification settlement must seek a settlement that is fair, reasonable and adequate for the class."); *Manual for Complex Litig.* (Fourth ed.), §21.11 ("designation of interim counsel clarifies responsibility for protecting the interests of the class during pre-certification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement").

3
MOTION TO ENTER PRE-TRIAL ORDER NO. 1 AND MEMORANDUM IN SUPPORT

### B.  Bonnett Fairbourn Should Be Approved as Lead Interim Class Counsel.

Judicial economy, efficiency and justice will be best served by the appointment of Bonnett Fairbourn as Lead Interim Class Counsel in this action and in any subsequent related and consolidated actions as detailed in PTO No. 1.  The Bonnett Fairbourn law firm possesses the collective knowledge, experience and resources necessary to effectively lead this case, and it is well-established that the Court may appoint lead counsel to coordinate the prosecution of complex cases such as the instant action.  *See Vincent v. Hughes Air West, Inc*., 557 F.2d 759, 774-5 (9th Cir. 1997) (courts routinely exercise authority to appoint lead counsel for plaintiffs); Advisory Committee Notes to Fed. R. Civ. Proc. 23(g) ("the selection and activity of class counsel are often critically important to the successful handling of a class action.").

Rule 23(g) sets forth the criteria for appointment of interim class counsel:

(1)  * * *  In appointing class counsel, the court

    (A)    must consider:

        (i)    the work counsel has done in identifying or investigating potential claims in the action,

        (ii)    counsel's experience in handling class actions, other complex litigation, and the type of claims asserted in the action,

        (iii)    counsel's knowledge of the applicable law, and

        (iv)    the resources counsel will commit torepresenting the class; [and]

    (B)    may consider any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class[.]

Fed. R. Civ. P. 23(g)(1)(A)-(B).  Bonnett Fairbourn easily satisfies these elements and will fairly and adequately represent the interests of the Class.

### 1. Bonnett Fairbourn Has Conducted Extensive Investigations To Identify The Issues And Claims Relevant To The Action.

Before filing this case, Bonnett Fairbourn expended considerable resources to investigate the conduct that World Savings is alleged to have committed. These pre-suit efforts included extensive legal research, reviewing documents and consulting with experts regarding the strengths of the potential claims against Defendant. Bonnett Fairbourn has devoted substantial time, effort and resources researching and investigating the facts and legal issues underlying the claims in this case. The firm has retained experts with expertise in the performance of statistical studies and analyses, and other experts with special knowledge and expertise pertaining to the lending industry. In sum, Bonnett Fairbourn is thoroughly prepared and poised to act as Lead Interim Class Counsel and begin discovery in this action.

Bonnett Fairbourn and its co-counsel continue to investigate residential mortgage lending companies' practices. As a result, Bonnett Fairbourn and co-counsel have brought similar class action cases against other residential mortgage lending companies and are currently prosecuting these cases.[1] On January 8, 2008, Bonnett Fairbourn was named in this District as one of two law firms to serve as Co-Lead Interim Class Counsel in the *In re Wells Fargo Residential Mortgage Lending Discrimination Litigation*, Lead Case No. C 07-03880 MMC (N.D. Cal.), a comparable lending discrimination action which was pending before Judge Jenkins and has recently been transferred to Judge Chesney. In short, Bonnett Fairbourn's knowledge of the relevant facts and issues in this case, and its concurrent leadership role in other similar cases, make it ideally suited

---

[1] These cases include, without attempting to be exhaustive, *In re Wells Fargo Residential Mortgage Lending Discrimination Litigation*, Lead Case No. C 07-03880 MMC (N.D. Cal.); *Garcia v. Countrywide*, Case No. CV07-01161-VAP-JCR (C.D. Cal.); *Payares v. Chase Bank*, Case No. CV07-05540-ABC-SHx (C.D. Cal.); *Toruno v. Decision One/HSBC*, Case no. CV07-05998 AG (ANx) (C.D. Cal.); and *Burns v. Washington Mutual Bank*, Case No. CV 08-00919 EMC (N.D. Cal.).

to expeditiously and zealously represent the interests of Plaintiffs and the proposed Class in this action.

### 2. Bonnett Fairbourn Has the Necessary Experience and Knowledge of the Law to Serve as Lead Interim Class Counsel.

Bonnett Fairbourn is well-qualified to lead and manage this nationwide class action. In the class certification context, courts have held that a class is fairly and adequately represented where counsel is qualified, experienced and generally able to conduct the litigation on its behalf. *See, e.g., In re Agent Orange Product Liab. Litig.*, 996 F.2d 1425, 1435 (2d Cir. 1993); *In re NASDAQ Market-Makers Antitrust Litig.*, 169 F.R.D. 493, 512 (S.D.N.Y. 1996) (class counsel satisfy adequacy requirement where they are able to prosecute the action vigorously). Furthermore, where proposed class counsel demonstrates that they are "ready, willing and able to commit the resources necessary to litigate the case vigorously," the adequacy requirement is satisfied. *In re NASDAQ*, 169 F.R.D. at 515.

Bonnett Fairbourn has broad experience in class actions generally. Moreover, the firm has far-reaching experience in the investigation and prosecution of this type of lending discrimination case in particular, having successfully served as Lead, Co-Lead or primary litigation counsel in many complex class action cases.

Bonnett Fairbourn has developed a recognized practice in the area of complex commercial litigation, including major class actions, and is widely regarded as a preeminent firm representing plaintiffs in class action proceedings. Over the last twenty years, Bonnett Fairbourn has successfully handled more than 100 class action lawsuits, representing consumers and victims in a wide range of class action proceedings, including civil rights, securities and consumer fraud claims.

6
MOTION TO ENTER PRE-TRIAL ORDER NO. 1 AND MEMORANDUM IN SUPPORT

Andrew S. Friedman and the Bonnett Fairbourn firm have served as co-lead counsel representing minority policyholders in class action proceedings seeking relief for racial discrimination in the sale and administration of life insurance policies, including an action against American General Life & Accident Company which resulted in a settlement valued at $250 million. As co-lead counsel for the class in another such action, *Thompson et al. v. Metropolitan Life Ins. Co.*, No. 00-CIV-5071 (HB) (S.D.N.Y.), Mr. Friedman and Bonnett Fairbourn were instrumental in achieving a settlement on the eve of trial valued at $145 million.

Mr. Friedman and Bonnett Fairbourn were Arizona Counsel for the class in *In re American Continental Corp./Lincoln Savings & Loan Sec. Litig.*, MDL No. 834 (D. Ariz.), where plaintiffs successfully recovered $240 million of the $288 million in losses sustained by them against Charles Keating and other corporate insiders. Most recently, Mr Friedman served as co-lead counsel in *In re Conseco Life Insurance Cost of Insurance Litigation*, MDL 1610 pending in the Central District of California, which resulted in a class settlement valued at more than $400 million on behalf of insurance policy owners.

In addition, Plaintiffs' other counsel in this action are a group of highly regarded firms with considerable experience representing plaintiffs in major class actions nationwide. Plaintiffs' counsel includes the Housing and Economic Rights Advocates, a consumer rights organization with considerable expertise in matters involving alleged racial discrimination and housing rights. This group of committed law firms will likewise serve as a tremendous resource in the prosecution of the case on behalf of the Class.

**3.    Bonnett Fairbourn Will Zealously Prosecute Claims on Behalf of the Class and Has the Resources Available To Do So.**

The Bonnett Fairbourn firm has amply demonstrated its ability to devote the resources necessary to represent the proposed Class. As noted above, Bonnett Fairbourn has prosecuted

7
MOTION TO ENTER PRE-TRIAL ORDER NO. 1 AND MEMORANDUM IN SUPPORT

similar claims against other major companies for many years. On nearly every occasion, these cases were protracted, hard-fought class actions that were litigated by some of the most capable defense counsel in the country. Bonnett Fairbourn (and co-counsel) represented the plaintiff classes in these cases on a wholly contingent basis, advanced enormous costs and expenses on behalf of the class members, and litigated these cases tirelessly at the trial and appellate levels, securing many landmark rulings along the way. Bonnett Fairbourn will ensure that all necessary resources, including advancing costs and expenses, are made available for the prosecution of this action.

Moreover, while the other firms representing Plaintiffs in this action have proposed Bonnett Fairbourn to serve as Lead Interim Class Counsel, it is anticipated that these other firms will play an active and substantial role in the prosecution of this action. These firms also are among the leading firms in the United States in representing class plaintiffs.

### 4. Bonnett Fairbourn Is In The Best Position To Coordinate The Prosecution Of This Action With Parallel Federal Court Actions.

Bonnett Fairbourn will be able to assist the Court in managing this action by coordinating it with parallel federal court actions. In addition to Plaintiffs in this action, Bonnett Fairbourn and other Plaintiffs' counsel represent plaintiffs in numerous other class actions pending in this and other federal jurisdictions asserting similar claims against different defendants.

Bonnett Fairbourn is thus well-positioned to coordinate federal court discovery and motions practice with this Court's management of the present proceeding. Such coordination through plaintiffs' counsel has been recognized as a valuable tool used by federal district courts to ensure the orderly and efficient litigation of complex matters. *See Manual for Complex Litig.* (Fourth ed.), §31.31. Thus, by appointing Bonnett Fairbourn as Lead Interim Class Counsel, the

Court will prevent the needless duplication of litigation efforts in state and federal courts and minimize the risk of inconsistent rulings and jurisdictional conflicts.

### 5. All Interested Counsel Agree That Bonnett Fairbourn's Leadership as Proposed Will Best Protect the Interests of the Class.

Another consideration which favors the Court's approval of Bonnett Fairbourn as Lead Interim Class Counsel is that all interested counsel have agreed that this leadership appointment, as set forth in PTO No. 1, is appropriate and will best protect the interests of this nationwide Class. Courts and commentators have noted that a court should approve proposed leadership where interested counsel agree among themselves as to leadership appointment that will best support the class. *U.S. Trust Co. of New York v. Alpert*, 163 F.R.D. 409, 423 (S.D.N.Y. 1995) (noting that "the court should encourage and approve the selection of [lead] counsel by the agreement of interested counsel in proposed class actions, imposing its own choice only in extraordinary situations."); *see also 3 Newberg on Class Actions*, §9.35 (4th ed.) ("Lead counsel may be designated by consensus of interested counsel, and this selection may be accepted by the court when it makes an appointment. . . . the court should always encourage the parties themselves to agree on lead counsel, while imposing its own choice only in extraordinary circumstances").

### 6. Bonnett Fairbourn Is Well-Positioned to Comply With the Responsibilities Designated by PTO No. 1.

PTO No. 1 designates a number of specific responsibilities to Lead Interim Class Counsel. Specifically, PTO No. 1 instructs Lead Interim Class Counsel to maintain communications and promote harmonious dealings among all Plaintiffs' counsel, provide general supervision of the activities of Plaintiffs' counsel; and perform or delegate as appropriate duties including, *inter alia*, briefing and argument of motions, conduct of discovery, appearances at pretrial conferences,

consultation with experts, and conduct of settlement negotiations with counsel for Defendant. As demonstrated above, Bonnett Fairbourn is experienced in these areas and is well-positioned to undertake those responsibilities.

## II. THE OTHER RELATED TERMS OF PTO NO. 1 ARE APPROPRIATE AND SHOULD BE INCLUDED IN THE COURT'S ORDER AS PROPOSED.

In addition to Fed. R. Civ. P. 23(g) appointment of Lead Interim Class Counsel, PTO No. 1 contains a number of other terms customarily included in such pretrial orders. These include provisions for:

- Application of the Order to Subsequent Related and Consolidated Cases;
- Service of Papers; and
- Time Recording.

These terms, Plaintiffs respectfully submit, should be entered as proposed. Under PTO No. 1, counsel for all parties are directed to cooperate with one another, whenever possible, to promote the expeditious handling of pretrial proceedings in this action. Each of the other directives included in PTO No. 1 are engineered to facilitate the just, efficient and cost-effective prosecution of this litigation.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court enter PTO No. 1, and thereby appoint the law firm of Bonnett Fairbourn as Lead Interim Class Counsel.

Dated: March 3, 2008

By   /s Wendy J. Harrison
Andrew S. Friedman (*pro hac vice*)
Wendy J. Harrison (SBN 151090)
2901 North Central Avenue, Ste. 1000
Phoenix, Arizona 85012-3311
Telephone: 602-274-1100
Facsimile: 602-274-1199

10
MOTION TO ENTER PRE-TRIAL ORDER NO. 1 AND MEMORANDUM IN SUPPORT

CHAVEZ & GERTLER, L.L.P.
Mark A. Chavez (SBN 90858)
Jonathan Gertler (SBN 111531)
Nance F. Becker (SBN 99292)
42 Mill Avenue
Mill Valley, California 94941
(415) 381-5599

COUGHLIN STOIA GELLER
   RUDMAN & ROBBINS LLP
John J. Stoia, Jr. (CA SBN 141757)
Theodore J. Pintar (CA SBN 31372)
Leslie E. Hurst (CA SBN 178432)
655 West Broadway, Suite 1900
San Diego, CA 92101
(619) 231-1058

HOUSING AND ECONOMIC
RIGHTS ADVOCATES
Maeve Elise Brown (CA SBN 137512)
1305 Franklin Street, suite 305
Oakland, CA 94612
(510) 271-8843

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I, Wendy J. Harrison, hereby certify that a true copy of the foregoing document filed through the ECF system will be electronically sent to the registered participants as identified on the Notice of Electronic Filing, and paper copies will be sent to those indicated as non-registered participants on March 3, 2008.

    /s Wendy J. Harrison
Wendy J. Harrison